**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PATRICK A. SHAW,

         Petitioner-Appellant,

v.

DAVID R. McKUNE; CARLA
STOVALL, Attorney General of
Kansas,

         Respondents-Appellees.

No. 00-3070
(Dist. of Kansas)
(D.C. No. 98-CV-3332-DES)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Patrick A. Shaw, proceeding *pro se*, seeks a certificate of appealability ("COA") so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). Shaw pleaded guilty in Kansas state court to one count of taking indecent liberties with a child. On May 7, 1993, Shaw was sentenced to five-to-twenty-years' imprisonment. Shaw later sought to withdraw his guilty plea but failed to obtain relief from the Kansas state courts.

Shaw filed the instant § 2254 habeas petition with the United States District Court for the District of Kansas on October 19, 1998. In the habeas petition, Shaw raised three grounds for relief: (1) that his guilty plea was not made voluntarily but was induced by the promise of a lesser sentence allegedly contained in a version of the Kansas Sentencing Guidelines Act ("KSGA");[1] (2) that changes made to the KSGA before its effective date violate the Ex Post Facto Clause of the United States Constitution because the changes increased his

---

[1]The KSGA has been codified at Kan. Stat. Ann. §§ 21-4701 to 4728. The KSGA was amended after it was enacted but before it became effective. The amendment was made after Shaw entered his guilty plea. The KSGA contains retroactivity provisions whereby the sentences of certain offenders who were sentenced prior to July 1, 1993, the date the KSGA went into effect, are converted to sentences under the KSGA. *See* Kan. Stat. Ann. § 21-4724. Shaw claims the retroactivity provisions in the pre-amendment version of the KSGA would have applied to him and would have resulted in the conversion of his sentence to a sentence more lenient than the one he received.

punishment; and (3) that his due process rights have been violated because the Kansas courts' "un-lenient" interpretation of the KSGA has served to increase his punishment in the same way as an *ex post facto* law.

The district court addressed each of the three claims raised in Shaw's habeas petition and concluded that all three were without merit. The court first rejected Shaw's contention that the pre-amendment version of the KSGA constituted a promise of a lesser sentence by the State of Kansas that formed part of the plea agreement. The district court then concluded that Shaw's contention he was promised a lesser sentence by the State of Kansas was unsupported by anything in the record other than his Shaw's own assertions, and was fatally undermined by the plea petition, in which Shaw acknowledged that "no officer or agent of any branch of government, (Federal, State or local), has promised, suggested, or predicated that I will receive a lighter sentence, or probation, or any other form of leniency if I plead 'Guilty.'" The district court also liberally construed Shaw's habeas petition to contain a claim that his guilty plea was involuntary because it was induced by his counsel's promise that his sentence would be converted to a lesser sentence when the KSGA went into effect. The district court concluded there was no evidence in the record that either the court, the prosecutor, or Shaw's counsel promised Shaw a more lenient sentence than the one he received or promised that his sentence would be amended retroactively

when the KSGA went into effect. *See Cunningham v. Diesslin*, 92 F.3d 1054, 1061 (10th Cir. 1996) (holding that petitioner's misunderstanding about the length of his incarceration does not undermine the constitutionality of his plea unless the misunderstanding is "based upon [a] promise made by the defense attorney, the prosecutor, or the court"). The district court's conclusion was supported by Shaw's acknowledgment in the plea petition that his plea of guilty was not the result "of any promises made to [him] other than those noted in this petition."

The district court next concluded that both of Shaw's *ex post facto* claims failed because the effective-date version of the KSGA did not increase the punishment Shaw received. *See Still v. Klinger*, No. 98-6227, 1999 WL 569058 (10th Cir. August 4, 1999) (unpublished disposition) ("A decrease in potential benefits after incarceration does not amount to an increase in the punishment prescribed at the time the act was committed.").

Shaw is not entitled to receive a COA unless he can make "a substantial showing of the denial of a constitutional federal right." 28 U.S.C. § 2253(c)(2). Shaw can make such a showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000).

The district court produced a comprehensive Memorandum and Order detailing why Shaw's claims lack merit. This court is in substantial agreement with the district court's conclusions and declines to duplicate the district court's analysis here. Upon *de novo* review of Shaw's application for a COA and appellate brief, the district court's Memorandum and Order, and the entire record on appeal, this court concludes the issues raised by Shaw are not reasonably debatable, subject to a different resolution on appeal, or deserving of further proceedings. Consequently, Shaw has not made a substantial showing of the denial of a federal right as required by 28 U.S.C. § 2253(c)(2) and he is not entitled to a COA. Accordingly, we **deny** Shaw's application for a COA for substantially those reasons set out in the district court's Memorandum and Order dated February 10, 2000, and **dismiss** his appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge